UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andre Chung, #59229-004,<br><br>               Petitioner,<br><br>vs.<br><br>John Owens, Warden,<br><br>               Respondent. | ) C/A No.: 3:09-2115-TLW-JRM<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

## BACKGROUND OF THIS CASE

The petitioner is a federal inmate at FCI-Williamsburg which is located in the state of South Carolina. He is serving a 400 month sentence for violating sections of the United States Code. Petitioner's conviction and sentence were entered in the United States District Court for the Southern District of Florida on September 17, 1999. The conviction was upheld on direct appeal by the United States Court of Appeals for the Eleventh Circuit on December 8, 2000. The petitioner alleges he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied as time barred on December 15, 2005.

In this § 2241 petition the petitioner contends that he is serving an unlawful and unconstitutional sentence which exceeds the maximum allowed by the applicable guideline range in violation of the Sixth Amendment for reasons not charged in his indictment. Thus, he argues the length of his sentence, due to enhancements not based on facts presented to a jury, violates the holdings in, *inter alia, Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000) (hereinafter "Apprendi"), *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005)(hereinafter "Booker"),

1

and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) (hereinafter "Blakely"), although the petitioner does not cite to these cases.

Petitioner also complains that his sentence has effected his custody classification. He contends that the trial court "misapplied a prior nonjudicial (sic) punishment for enhancement purposes as a crime of violence which stemmed from a motor vehicle accident by negligent operation of a motor vehicle."

Petitioner attempted to exhaust his Bureau of Prisons (BOP) administrative remedies but was told that the BOP could not change information in petitioner's pre-sentence report (PSR) or in the judgment.

In his prayer for relief, petitioner asks the court to "grant the issues for the Due Process Clause and Sixth Amendment violations and correct the sentence to the maximum sentence authorized by statute which is 20 years and reverse the nonjudicial (sic) conviction relied upon for enhancement in the PSR finding and misapplication of the prior offense to cure the Due Process violation and clear up the sentence classification and custody misapplication in the BOP's execution of sentence."

Petitioner claims he may proceed pursuant to 28 U.S.C. § 2241 because a Section 2255 motion is inadequate or ineffective to test the legality of his detention.

## DISCUSSION

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, *Nasim v. Warden, Maryland House of Correction*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the § 2241 petition, which raises claims under 28 U.S.C. § 2255, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Additionally, the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

prevail, it should do so, but a district court may not rewrite a petition or pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "If the petition be frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without even the necessity of requiring a responsive pleading from the government." *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *See In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994). Since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Morehead*, 2000 WESTLAW® 1788398 (N.D.Ill., December 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceedings that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction

over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead, supra*.

Congress enacted § 2255 "because pertinent court records and witnesses were located in the sentencing district (and it was) impractical to require these petitions to be filed in the district of confinement". *Dumornay v. United States*, 25 F.3d 1056 (Table), 1994 WL 170752 (10th Cir. 1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumornay*, *supra, citing United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Dumornay*, *supra, citing Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963), *cert. denied,* 377 U.S. 980 (1964).

The petitioner appears to rely on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-2363 (June 26, 2000):

> * * * Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

*Apprendi v. New Jersey, supra*.

Since the United States Supreme Court did not hold that its decision in *Apprendi* is retroactive, the above-captioned case would be controlled by *In Re Vial*, 115 F.3d 1192, 1194-1198 (4th Cir. 1997)(*en banc*). In that matter, the Fourth Circuit determined that the decision of the United States Supreme Court in *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501, 133 L.Ed.2d

472 (1995) did not establish "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" within the meaning of 28 U.S.C. § 2255. In reaching this conclusion, the Fourth Circuit noted that "...the Bailey Court clearly considered itself to be engaged in statutory construction...". *Vial* @ 1195. The Fourth Circuit stated that "the decision of the Supreme Court in Bailey did not announce a new rule of constitutional law and accordingly may not form the basis for a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255." *Vial* @ 1195.

In addition, the Fourth Circuit held that *Bailey*, *supra*, had not been made "retroactive to cases on collateral review". Citing § 2255, the Fourth Circuit stated that any other reading of the statute would be "contrary to the plain language of the AEDPA". The Court concluded that:

> a new rule of constitutional law has been 'made retroactive to cases on collateral review by the Supreme Court' within the meaning of § 2255 only when the Supreme Court declares the collateral availability of the rule in question, either by explicitly so stating or by applying the rule in a collateral proceeding. Because the Supreme Court has done neither with respect to the rule announced in *Bailey*, Vial would not be entitled to file a successive § 2255 motion based on *Bailey* even if it contained a rule of constitutional law.[2]

*Vial* @ 1196.

Furthermore, the Court in *Vial*, *supra*, made clear that the inability to file a second or successive petition was not a suspension of the writ. The Fourth Circuit said:

> Vial's constitutional argument is foreclosed by the recent decision of the Supreme Court in *Felker v. Turpin*, 518 U.S. 651, ---- - ----, 116 S. Ct. 2333, 2339-40, 135 L.Ed.2d 827 (1996). In *Felker*, the

---

2

The statute of limitations does not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Accordingly, the Fourth Circuit takes the position that as long as the Supreme Court has not yet ruled on the collateral availability of a rule, the limitations period does not begin to run.

> Supreme Court determined that the provisions of the AEDPA limiting second and successive habeas corpus petitions by persons convicted in state courts does not constitute a suspension of the writ. *See id*. Rather, the Court stated that the limitations imposed by the AEDPA were simply an illustration of the longstanding principle that "the power to award the writ by any of the courts of the United States, must be given by written law.'" Id. at ----, 116 S. Ct. at 2340 (quoting *Ex Parte Bollman*, 8 U.S. (4 Cranch) 75, 94, 2 L.Ed. 554 (1807)). The limitations on habeas corpus relief from state-court judgements of conviction contained in the AEDPA, the Court reasoned, amounted to an entirely proper exercise of Congress' judgement regarding the proper scope of the writ [FN 11] and fell "well within the compass of [the] evolutionary process" surrounding the doctrine of abuse of the writ. Id. We conclude that the reasoning of the Court with respect to limitations on second or successive habeas petitions pursuant to §2254 applies with equal force to the identical language in §2255. Accordingly, the limitations imposed on a second and successive §2255 motions by the AEDPA do not constitute a suspension of the writ.

*Vial* @ 1197-98 *citing Felker*, *supra*. In footnote 11 the of the *Vial* decision the Fourth Circuit noted:

> In reaching this conclusion, the Court "assume[d]...that the Suspension Clause of the Constitution refers to the writ as it exists today, rather than as it existed in 1789." *Felker*, 518 U.S. at ----, 116 S.Ct. At 2340. Although we need not address this issue, we note that the Seventh Circuit has reasoned persuasively that the right to collateral review of state-court judgements of courts possessing jurisdiction is statutory, not constitutional, in nature and thus may be restricted as Congress sees fit. *See Lindh v. Murphy*, 96 F.3d 856, 867-68 (7th Cir. 1996) (en banc) ("Any suggestion that the Suspension Clause forbids every contraction of the powers bestowed by congress in 1885, and expanded by the 1948 and 1966 amendments to §2254 is untenable. The Suspension Clause is not a ratchet."), *cert. granted,* 519 U.S. 1074, 117 S.Ct. 726, 136 L.Ed.2d 643 (1997).

*Vial* @ 1198 FN 11.

The same result would apply then, where one, such as the petitioner, seeks to attack collaterally his conviction and sentence under *Apprendi* and other cases. As earlier stated, the

7

Supreme Court of the United States in *Apprendi* did not address the retroactivity issue. Thus, as in *Vial*, that opinion is not properly raised in a collateral attack by a prisoner, such as the petitioner.

Similarly, the holdings in *Blakely* and *Booker* do not help the petitioner. In *Blakely*, the United States Supreme Court held that a state court's sentencing of defendant to more than three years above the fifty-three (53) month statutory maximum of the standard range for his offense, on basis of sentencing judges finding that defendant acted with deliberate cruelty, violated defendant's Sixth Amendment right to trial by jury. In *Booker*, the United States Supreme Court held that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment and the Sixth Amendment requirement that a jury find certain sentencing facts was incompatible with the Federal Sentencing Act. In both cases, as in *Apprendi*, the Court failed to make the cases retroactive to cases on collateral review.

The petitioner's attention is directed to the decisions of the United States Court of Appeals for the Fourth Circuit in *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001); and *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002), both of which raised claims under *Apprendi*. In *Sanders,* the Court of Appeals held that the rule in *Apprendi* is not applicable to cases on collateral review. In *San-Miguel*, the Court of Appeals upheld this court's summary dismissal of a § 2241 action raising *Apprendi* claims. Collateral review in federal court includes habeas corpus actions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and 28 U.S.C. § 2254. Since the claims raised by the petitioner are indeed *Apprendi*-type claims, the petitioner's claims are not cognizable under 28 U.S.C. § 2241 under the holdings in *San Miguel* and *Sanders*. *Cf. United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003). Of course, the rules in *Vial*, *Sanders, San-Miguel*, and *Conley* may not be applicable in the Eleventh Circuit.

In summary then, to the extent that the petitioner is alleging that he MUST be allowed to proceed under 28 U.S.C. Section 2241 because he would be without a remedy, his argument is misplaced. Congress saw fit to limit the availability of Section 2255 petitions, and the United States Supreme Court determined in *Felker* that Congress was within its right to do so under the AEDPA. To determine that Congress limited the availability of Section 2255 on the one hand, but intended to allow petitioners the availability of the Writ under Section 2241 on the other hand, would clearly be contrary to the purpose of the AEDPA.

Additionally, petitioner's arguments that a Section 2255 motion is inadequate or ineffective to test the legality of his sentence are also misplaced. If a prisoner's § 2255 motion is denied by a sentencing court, the denial itself is not sufficient to demonstrate that the § 2255 motion was inadequate, or ineffective. *Williams*, *supra*. *See also In re Avery W. Vial* 115 F.3d 1192 (4th Cir. 1997) (remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion); *Atehortua v. Kindt*, 951 F.2d 126 (7th Cir. 1991)(petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241).

In the above-captioned case, the petitioner does not set forth any set of facts which could be construed to show that a second or successive § 2255 motion would be inadequate or ineffective. The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). The Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct

appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, *supra* @ 333-334. Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in *Jones*. As a result, this court does not have jurisdiction to entertain the petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Since the petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence, thereby allowing him to file a § 2241 petition, this matter must be dismissed. The petitioner may seek leave from the 11th Circuit Court of Appeals to file a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Joseph R. McCrorey
United States Magistrate Judge

September 21, 2009
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).